IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ARELLANO,<br><br>    Petitioner,<br><br>vs.<br><br>JAMES E. TILTON,<br><br>    Respondent.<br>_____ | 1:07-CV-1597 OWW WMW HC<br><br>ORDER GRANTING MOTION<br>TO AMEND<br><br>[Doc. 5]<br><br>ORDER GRANTING MOTION<br>FOR STAY<br><br>[Doc. 6] |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On November 29, 2007, Petitioner filed a motion to amend his petition. Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a petitioner may amend his petition once as a matter of course before being served with a responsive pleading. No responsive pleading has yet been filed in this case. Accordingly, Petitioner's motion to amend is HEREBY GRANTED. Petitioner will be directed to file an amended complaint AFTER he has completely exhausted his Cunningham claim, as detailed below.

    On January 31, 2008, Petitioner filed a motion to stay this action pending the

exhaustion of his claim under Cunningham v. California, 127 S.Ct. 856 (2007).

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

Unfortunately, the Rhines does not discuss what circumstances would constitute "good cause" for a petitioner's failure to exhaust his claims in state court before initiating his federal habeas corpus proceeding. In the present case, Petitioner provides a detailed procedural history explaining his efforts to exhaust his claim in state court following the issuance of the Cunningham decision. This court is not prepared to find that this does not constitute good cause. See Fetterly v. Paskett, 997 F.2d 1295, 1301 (9th Cir. 1993) (abused of discretion found when court denied stay to exhaust newly discovered claims). Further, the fact that Petitioner has already filed his petition with the California Supreme Court presenting his newly discovered claim weighs towards supporting the AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534. Finally, Respondent has not opposed Petitioner's request for a stay.

Accordingly, Petitioner's motion for stay of the proceedings is hereby GRANTED. Petitioner is HEREBY ORDERED to file a monthly status report regarding his habeas corpus petition now pending in the state court. The first of these status reports shall be filed on or before July 1, 2008. Petitioner shall immediately inform the court when his claim is

exhausted. Upon being so informed, the court will direct Petitioner to file one amended petition, including all of his claims.

IT IS SO ORDERED.

Dated:    **June 10, 2008**                        /s/ **William M. Wunderlich**
                                                     UNITED STATES MAGISTRATE JUDGE