1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT FOR THE**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10
11

| | | |
|---|---|---|
| 12 | **JOHNNY ARELLANO,** ) | **1:07-CV-1597 OWW WMW HC** |
| | ) | |
| 13 | **Petitioner,** ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| 14 | **vs**. ) | **DISMISSAL OF PETITION** |
| | ) | **FOR FAILURE TO OBEY** |
| 15 | ) | **COURT ORDER** |
| | **JAMES E. TILTON,** ) | |
| 16 | ) | |
| | **Respondent.** ) | |
| 17 | ) | |
| | ) | |
| 18 | _____ ) | |

19
20

21      Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

22   pursuant to 28 U.S.C. Section 2254.  On June 10, 2008, the court entered an order granting

23   Petitioner's motion to stay this action pending the exhaustion of his claim under <u>Cunningham</u>

24   <u>v. California</u>, 127 S.Ct. 856 (2007).  The court's order provided in part as follows:

25         Petitioner is HEREBY ORDERED to file a monthly status report regarding his habeas
            corpus petition now pending in the state court.  The first of these status reports shall
26         be filed on or before July 1, 2008.   Petitioner shall immediately inform the court
            when his claim is exhausted.  Upon being so informed, the court will direct Petitioner
27         to file one amended petition, including all of his claims.

28   The date of July 1, 2008 has now passed, and Petitioner has failed to file a status report with

1    the court.

2         Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

3    Local Rules or with any order of the Court may be grounds for the imposition by the Court of

4    any and all sanctions . . . within the inherent power of the Court."  District courts have the

5    inherent power to control their dockets and "in the exercise of that power, they may impose

6    sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing

7    Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,

8    based on a party's failure to prosecute an action, failure to obey a court order, or failure to

9    comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

10   1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,

11   1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment

12   of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to

13   comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone

14   v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

15   court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure

16   to lack of prosecution and failure to comply with local rules).

17        In determining whether to dismiss an action for lack of prosecution, failure to obey a

18   court order, or failure to comply with local rules, the court must consider several factors: (1)

19   the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

20   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

21   of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782

22   F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at

23   1260-61; Ghazali, 46 F.3d at 53.

24        In the instant case, the court finds that the public's interest in expeditiously resolving

25   this litigation and the court's interest in managing the docket weigh in favor of dismissal.

26   The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a

27   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

28
                                              2

action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

**RECOMMENDATION**

Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to comply with a court order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are  is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 14, 2008**                                   _/s/  **William M. Wunderlich**_
                                                          UNITED STATES MAGISTRATE JUDGE

3